**In re the Marriage of Shirley A. HAMILTON, Petitioner, Respondent,**

v.

**Luches G. HAMILTON, Appellant.**

No. C8–86–891.

Court of Appeals of Minnesota.

Nov. 18, 1986.

Michael F. Fetsch, St. Paul, for respondent.

Patricia J. Hughes, St. Paul, for appellant.

Heard, considered and decided by POPOVICH, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

Luches Hamilton appeals the trial court's order dividing property in a marital dissolution action. Hamilton claims he was denied a fair trial by the judge's refusal to grant a continuance to obtain new counsel and that the record does not support the trial court's finding that Hamilton wasted $25,000 of Shirley Hamilton's premarital assets. Shirley Hamilton did not submit a brief. We affirm the trial court.

## FACTS

Shirley and Luches Hamilton were married on July 9, 1981, in Camden, Arkansas. Before the marriage Shirley Hamilton owned a home at 1060 Iglehart Avenue, St. Paul, Minnesota, which she sold in February 1981 to Luches Hamilton. They intended to use the proceeds of the sale to start a joint business. Shirley Hamilton received $33,842.38 for the house. She retained $3,842.38. The remaining $30,000 was deposited in accounts in Luches Hamilton's name. The business did not materialize.

In May 1983 Shirley Hamilton began dissolution proceedings. Hearings were held before a referee in May and December 1983. In December the referee issued an order requiring the parties to deposit proceeds from any sale of real estate into a joint account which required both parties' signatures for withdrawal. The pretrial conference occurred in March 1985, and

trial was set for May 30, 1985, but was rescheduled for September 16, 1985.

At trial on September 16, 1985, Luches Hamilton requested a continuance to obtain another attorney because he no longer believed that his attorney adequately represented him. In July 1985 Hamilton had made several allegations of misconduct to the State Board of Professional Responsibility against his attorney, Clark Isaacs. Hamilton's complaint alleged Isaacs (1) was negligent in failing to timely inform Luches Hamilton that he was required to repay $5,000 to continue pursuing a personal injury action; (2) improperly represented Luches Hamilton during this dissolution action; (3) introduced a barbeque sauce into the market that was similar to a sauce that Luches Hamilton intended to market; (4) had an interest in the purchase of some property of Luches Hamilton's; (5) offered to pay Luches Hamilton $75 for the sale of an illegal HBO receiver; (6) failed to send Hamilton documents; (7) delayed this divorce action; and (8) used confidential information received from Luches Hamilton against Luches Hamilton.

Hamilton also stated that Isaacs had not notified him of the trial date and that he had learned of it the previous business day from the clerk of court. Isaacs admitted he had been negligent in informing Hamilton of an order conditioning the continuance of a personal injury action upon Hamilton's repayment of $5,000. Isaacs denied the remaining allegations.

Shirley Hamilton objected to continuance of the trial because she had traveled from the State of Washington to be present. The court refused the request for a continuance and told Luches Hamilton that the trial would proceed with or without an attorney representing him. After a recess, Luches Hamilton stated that the only accurate allegation was the one admitted by Isaacs and Isaacs could continue to represent him.

At trial Shirley Hamilton and Luches Hamilton both testified to the disposition of the $30,000 received from the sale of Shirley Hamilton's home.

Luches Hamilton testified that the money was used for living expenses. Evidence showed that he withdrew at least $1,000 monthly from his bank account. He also testified that he had up to $10,000 in his checking account during the marriage from sources other than the disputed $30,000. Evidence showed that he received two settlements, each between $6,000 and $8,000, in personal injury actions in June 1979 and December 1982. Another personal injury action was pending at the time of trial.

Shirley Hamilton testified that at all times during the marriage she used her $1,000 per month for living expenses. She testified she paid both parties' expenses for a trip to Arkansas and also paid for funeral expenses of Luches Hamilton's mother. She knew that Luches Hamilton received a personal injury settlement before the marriage and another during the marriage, and she believed he was using this money and his Social Security benefits for his portion of their living expenses. She believed that no more than $5,000 of the money from the house sale was consumed by living expenses. She stated that at no time did she agree that the money was to be used for any purpose other than starting a business.

Luches Hamilton also testified that he sold property located at 979 University Avenue in St. Paul during the pendency of the dissolution. He said that to effect the sale he falsely swore under oath that he was unmarried. He did not deposit the proceeds into a joint account. He also testified that he purchased property on Dale Street in St. Paul for his nephew who was not of legal age. According to Hamilton, the property really belonged to his nephew even though the deed was in Hamilton's name. At a later point in his testimony Hamilton stated, "I lost it," when he spoke of the foreclosure of the Dale Street property.

Shirley Hamilton testified that she received $23,000 from PERA contributions when she resigned her position with Ramsey County. She retained these funds on deposit pending the resolution of the dissolution.

The trial court found (1) approximately $5,000 of the $30,000 was used for the benefit of the parties; (2) Luches Hamilton was unable to account for the remaining $25,000; (3) the $25,000 was a nonmarital asset which was transferred to Luches Hamilton for a purpose that was never realized; and (4) Shirley Hamilton is entitled to have the funds restored to her.

## ISSUES

1. Did the trial court abuse its discretion in refusing Luches Hamilton's request for a continuance to obtain new counsel?

2. Did the trial court err in finding that Luches Hamilton wasted $25,000 of Shirley Hamilton's premarital assets and ordering that amount repaid to her?

## ANALYSIS

### I

■ A trial court has discretion in ruling on a request for a continuance and should base its decision on the facts and circumstances surrounding the request. *See Kate v. Kate*, 234 Minn 402, 48 N.W.2d 551 (1951). Isaacs represented Luches Hamilton during the two and one-half years the dissolution was pending. The parties appeared before the same trial judge three times in seven months, with no indication of problems in the attorney/client relationship. Shirley Hamilton twice traveled from the State of Washington to be present for trial.

Luches Hamilton's allegations against Isaacs relate to his representation substantially before the September 16 trial. Two months elapsed from the date of Hamilton's complaint to the Board of Professional Responsibility and the trial, during which time he could have obtained a new attorney.

■ Luches Hamilton argues on appeal that Isaacs refused to represent him on the day of trial unless he stated on the record that his allegations against Isaacs were false. This is a serious contention that is unsupported by record evidence or affidavit. On the day of trial Hamilton chose to be represented by Isaacs. The record shows the representation at trial was adequate. Isaacs thoroughly examined witnesses and presented evidence. The trial court did not abuse its discretion in refusing to grant a continuance.

### II

Luches Hamilton argues that the trial court erred in determining that Shirley Hamilton should be repaid $25,000 for nonmarital property wasted by Luches Hamilton. He claims the evidence is clear that the money was used by the parties for living expenses. Shirley Hamilton testified that only $5,000 of this money was used for living expenses.

■ Where evidence relevant to a factual issue consists entirely of conflicting testimony, the trial court's decision is necessarily based on the credibility of the witnesses, and we give due regard to those considerations. *See Fidelity Bank and Trust Co. v. Fitzimons*, 261 N.W.2d 586, 588 (Minn.1977).

■ The trial court specifically stated its basis for the credibility determination, referring to Hamilton's use of a false affidavit to sell property. Hamilton disobeyed a court order when he did not deposit the proceeds of that sale as the court directed. He also gave contradictory testimony on the ownership of other property. Failure to make full and accurate disclosure justifies an inference adverse to the party who conceals or evades. *Solon v. Solon*, 255 N.W.2d 395, 396 (Minn.1977). The evidence supports the court's findings and the credibility determinations.

## DECISION

The trial court did not abuse its discretion by refusing Luches Hamilton's request for a continuance to obtain new counsel. The trial court's finding that Luches Hamilton wasted $25,000 of Shirley Hamilton's premarital assets was not clearly erroneous.

Affirmed.