In re the Marriage of Jean K.
HAEFELE, Petitioner,
Respondent,

v.

Richard J. HAEFELE, Appellant.

No. C4–00–670.

Court of Appeals of Minnesota.

Jan. 2, 2001.

Review Denied Feb. 21, 2001.

A. Larry Katz, Elizabeth Boleyn Bowling, Katz & Manka, Ltd., Minneapolis, MN, (for respondent).

Kay Nord Hunt, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, MN, (for appellant).

Considered and decided by KLAPHAKE, Presiding Judge, HARTEN, Judge, and G. BARRY ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge

Appellant argues the district court (1) abused its discretion by reopening the dissolution judgment and by improperly valuing and dividing marital property; (2) deprived him of due process of law by combining the proceeding to reopen the judgment with the evidentiary hearing on the property division questions; and (3) abused its discretion by awarding respondent need-based and conduct-based attorney fees. Because the evidence shows the parties' marital termination agreement contained material mistakes, we affirm the district court's decision to reopen the judgment based on that agreement. Because we conclude the combined reopening and property division proceedings deprived appellant of his due process rights, we reverse and remand for further proceedings and, if necessary, revaluation and redistribution of the marital property. In addition, we remand the issue of attorney fees.

## FACTS

The parties, both age 55, were married in 1968 and have two emancipated children. Appellant is an attorney. Family law is a meaningful part of his practice. Respondent is an artist, and operates a small shop to display her work. Appellant actively marketed respondent's artwork, and managed the parties' finances and taxes. The parties owned outright, or had an ownership interest in, eight properties including the marital home. In the summer of 1997, the parties sought to dissolve their marriage and executed a martial termination agreement (MTA).

Appellant drafted the dissolution documents. Though respondent consulted with an independent attorney, that attorney ultimately did not help her with the dissolution. Appellant drafted the dissolution petition and named respondent as petitioner. Appellant did not, however, draft a required waiver of counsel document for his wife's signature. Instead, appellant included a "Legal Advice" clause in the MTA.

The district court initially rejected the MTA because it contained ambiguous con-

tractual terms concerning the parties' future business dealings with each other and support of their adult children. After the parties amended the MTA, the district court accepted it and entered a judgment in August 1997.

In March 1998, respondent sought to reopen the judgment, claiming mistake and fraud. The district court ordered evidentiary hearings. The evidence showed differences between the property values assigned in contemporaneous sale, tax, and loan documents and the values assigned in the MTA. In addition, appellant had, for the purpose of the MTA, evaluated respondent's art inventory. He concluded the inventory was worth $875,000. An art expert retained by respondent later appraised the inventory at $43,800. The district court found fraud and mistake warranting reopening the August 1997 judgment based on appellant's representation of both his own and his wife's interests and on the differences in property valuations. The district court revalued the assets and redistributed the marital property equally, awarding appellant and respondent each $723,400.

## ISSUES

I. Did the district court abuse its discretion by reopening the dissolution judgment on the basis of fraud and mistake?

II. Did the district court deny appellant due process?

III. Did the district court abuse its discretion by ordering appellant to pay need-based and conduct-based attorney fees?

## ANALYSIS

### I.

■ Appellant first contends that the district court erred by reopening the dissolution judgment because the district court (1) misunderstood the law and (2) misapplied the law. This court will not disturb a district court's decision to reopen a disso-

lution judgment absent an abuse of discretion. *Kornberg v. Kornberg,* 542 N.W.2d 379, 386 (Minn.1996).

### A. District Court's Reliance on Case Law

■ This court reviews purely legal issues, such as case law relied upon by the district court, de novo. *Shirk v. Shirk,* 561 N.W.2d 519, 521 (Minn.1997). Once a stipulation is merged into a judgment, the "sole relief" lies in meeting the requirements of Minn.Stat. § 518.145, subd. 2 (1998). *Shirk,* 561 N.W.2d at 522. Minn. Stat. § 518.145, subd. 2 provides:

> Reopening. On motion and upon terms as are just, the court may relieve a party from a judgment and decree * * * and may order a new trial or grant other relief as may be just for the following reasons:
>
> (1) mistake, inadvertence, surprise or excusable neglect;
>
> * * * *
>
> (3) fraud, whether denominated intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party. .

*Id.*

Respondent brought a motion to reopen the August 1997 judgment and vacate the MTA, and the district court's findings of fact expressly recognize Minn.Stat. § 518.145, subd. 2 as the controlling authority. Appellant claims, however, that the court erred by relying on additional authority that predated *Shirk.* First, the district court cited *Tomscak v. Tomscak,* 352 N.W.2d 464, 466 (Minn.App.1984) for the proposition that "courts can set aside a stipulation upon a showing of fraud, duress, or mistake." Second, the district court relied on *Ellesmere v. Ellesmere,* 359 N.W.2d 48, 52 (Minn.App.1984) for the proposition that a court "may exclude a stipulation where there has not been a full disclosure and where the requisite waiver of counsel is absent."

Despite relying on cases that predate *Shirk*, the district court has not erred in its legal analysis. *Shirk* "essentially recognized that the 1988 amendment [to Minn.Stat. 518.145] functionally overruled *Tomscak* and its progeny *to the extent that those cases allowed vacation of stipulation-based dissolution judgments on grounds other than those listed in the statute*." *Toughill v. Toughill*, 609 N.W.2d 634, 640 (Minn.App.2000) (emphasis added).[1] Thus, a district court does not err by relying on pre-*Shirk* or pre-amendment cases where the circumstances meet the statutory requirements of section 518.145. *See Shirk*, 561 N.W.2d at 521–22 (explaining that if circumstances meet the statutory requirements of Minn.Stat. § 518.145, reliance on pre-amendment case law is not error). We note that even a district court's reliance on pre-*Shirk* or pre-amendment authority that is contrary to the statute is not reversible error if the error is harmless. *See* Minn.R.Civ.P. 61 (stating harmless error to be ignored).

*Tomscak* provides that courts may vacate a stipulation for fraud, duress, or mistake. *Tomscak*, 352 N.W.2d at 466. These are appropriate bases for reopening a judgment and decree under section 518.145, which provides for reopening where there has been "mistake * * * fraud * * * misrepresentation, or other misconduct of an adverse party." Minn. Stat. § 518.145, subds. 1, 3. Duress, while not specifically listed in Minn.Stat. § 518.145, can nonetheless constitute other misconduct of an adverse party. *Hestekin v. Hestekin*, 587 N.W.2d 308, 310 (Minn. App.1998). The district court did not commit reversible error by placing limited reliance on *Tomscak*.

*Ellesmere* allows courts to exclude a stipulation where there has not been a full disclosure by an opposing party and where a party has not executed a waiver of counsel. *Ellesmere*, 359 N.W.2d at 52. In this case, the district court recognized that appellant, an attorney, drafted the MTA's provisions and managed most of the finances of the parties. Respondent alleged appellant failed to prepare the required separate waiver of counsel for respondent's signature (as is required by Minn. R.Gen.Prac. 306) and did not disclose accurate financial information to respondent. These acts could properly be characterized as "mistake," "inadvertence," "excusable neglect," or even "misrepresentation" or "misconduct"—all bases for reopening judgments under section 518.145. The district court did not commit reversible error by relying on *Ellesmere* for the proposition that inadequate disclosure and waiver may justify reopening a judgment under Minn. Stat. § 518.145.

Appellant also disputes the district court's finding that reopening turned on assessment of whether the MTA was unfair. Although unfairness is not the sole criteria for reopening, it is one of three elements of marital dissolution fraud. *Kornberg*, 542 N.W.2d at 387. The district court did not err by considering unfairness.

### B. District Court's Application of the Law

■ Appellant next asserts that the district court's "reasons for vacation are not in accord with Minn.Stat. § 518.145, subd. 2," and argues that the findings that may be read to support reopening are clearly erroneous.

■ We will not find an abuse of discretion unless the district court's resolution of the matter "is against logic and the

---

1. Appellant relies on *Toughill* for his argument that *Tomscak* and progeny are overruled. That is not a correct reading of *Toughill*. In *Toughill*, we incidentally recognized the limits *Shirk* places on earlier case law, including *Tomscak*. *Toughill*, 609 N.W.2d at 639–40. Moreover, *Toughill* differs significantly from this case. There, the appellant-husband, by pre-trial motion, sought to rescind the MTA *before* it had been incorporated into a judgment. *Id.* at 637–38. The criteria of Minn.Stat. § 518.145 at issue here did not apply in *Toughill*.

facts on record * * *." *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984) (citation omitted). Factual findings that resolve whether the judgment was the product of fraud, duress, or mistake will be upheld unless they are clearly erroneous. *Hestekin*, 587 N.W.2d at 310. "That the record might support findings other than those made by the trial court does not show that the court's findings are defective." *Vangsness v. Vangsness*, 607 N.W.2d 468, 474 (Minn.App.2000).

The district court made numerous findings showing that the MTA's marital property values differed from the values shown on contemporaneous documents prepared for business or tax purposes. The district court found that, in valuing the marital property, appellant sometimes used tax records, sometimes relied on past appraisals, and sometimes tried to determine the present value of the property himself. Other times, he and respondent just agreed on what they thought the subject property was worth. A careful review of the record shows that these district court findings are not clearly erroneous.[2]

The district court also found that appellant managed the parties' properties, completed the parties' joint tax returns, and involved himself in the marketing of appellant's artwork. The district court found that appellant, without expert assistance, valued respondent's artwork and assumed that she would sell each of the nearly 70,000 prints in her art inventory. Appellant appraised the prints at $875,000, but an art expert assessed their present value and testified the total worth was less than $45,000. The district court found respondent questioned, but relied on, appellant's valuation methods because of his legal and business experience. These findings also have a basis in the record and are not clearly erroneous.

Appellant argues there is evidence that respondent read, understood, and signed the MTA, did not obtain neutral appraisals, and had access to the parties' financial records. *See Maranda v. Maranda*, 449 N.W.2d 158, 166 (Minn.1989) (vacation of judgment supported where, among other things, wife denied access to parties' finances). Appellant also argues that respondent testified she was familiar with the value of her art. *See Bury v. Bury*, 416 N.W.2d 133, 136 (Minn.App.1987) (owner of property is presumptively acquainted with its value).

But appellant's financial records show that the values assigned to the property for purposes of the MTA sometimes differed significantly from nearly contemporaneous values assigned to the same property for business or tax purposes. *See John v. John*, 322 N.W.2d 347, 348 (Minn. 1982) (vacation of judgment upheld where wife agreed to stipulation without being fully informed of the consequences). Respondent testified that she relied on appellant's business and legal expertise when accepting the valuations as accurate and was led to believe she did not need to seek outside assistance. Appellant, on the other hand, testified that respondent was not pressured to accept the values and was not prevented from enlisting the help of others.

Where evidence relevant to a factual issue consists of conflicting testimony, the district court's decision is necessarily based on the credibility of the witnesses. *Hamilton v. Hamilton*, 396 N.W.2d 91, 94 (Minn.App.1986). We give district courts broad discretion precisely because they are in the best position to determine which witnesses are credible and to weigh the evidence. *See In re D.L.*, 486 N.W.2d 375, 380 (Minn.1992) (stating that "the trial

---

2. For example, while one part of the judgment estimates that market value of the parties' homestead to be $350,000, the judgment elsewhere assigns different values to the home based on encumbrances against the property. The judgment assigns a Chaska property a tax market value of $131,400, but this amount is inconsistent with both appellant's testimony and with a number of exhibits. There are similar confusing aspects to the valuations of the parties' interests in the duplex and a farm.

court retains broad discretion because of its opportunity to observe the parties and hear the witnesses"). Here, the evidence supports the district court finding that there were material mistakes in the MTA property values. Appellant's lack of art expertise, for example, may have caused a property value disparity greater than $800,000.

It is highly unlikely to the point of improbability that had respondent known the scope and magnitude of these mistakes she would have agreed to the MTA's terms. This is no ordinary case of buyer's remorse where a party to the MTA had second thoughts; we have here an MTA, and consequently a judgment, that is riddled with errors, inconsistencies and assumptions with no supporting evidence. On this record, the district court's decision to vacate the MTA and reopen the dissolution judgment on the basis of mistake was not an abuse of discretion.

■■■ We do not, however, agree with the district court's determination that that the facts support a finding of intentional fraud. Fraud, in a marital dissolution context, consists of (1) an intentional course of material misrepresentation or nondisclosure; (2) having the result of misleading the court and opposing counsel; and (3) making the property settlement unfair. *Kornberg*, 542 N.W.2d at 387. Though the differences between the property values listed in the MTA and the values shown on contemporaneous financial documents are significant, some of those differences favor respondent and there is no discernable pattern that suggests appellant intentionally altered values for dissolution purposes.

Instead, the record shows that a combination of carelessness, haste, use of improper valuation methods and lack of experience in valuing art may have contributed to the mistaken property valuations. We affirm the ruling of the district court to reopen the judgment and vacate the MTA based on material mistake pursuant to Minn.Stat. § 518.145 subd. 2.

## II.

■■■ Appellant argues that the district court denied him due process, alleging that (1) the district court erred by combining the reopening and property division evidentiary hearings; (2) the district court's findings show a bias against him; (3) the district court did not have the authority to stay the earlier judgment pending the motion hearing; and (4) the district court erred by reserving the issue of spousal maintenance because neither party raised it.

### A. Proceedings

In a preliminary order, the district court ordered a hearing on mistake or misrepresentation, to be followed by hearings concerning the value and equitable distribution of property. At an early hearing, the district court explained that respondent first needed to show fraud or mistake before the court would take additional evidence concerning property valuation. After the art expert testified, the district court decided to conduct combined evidentiary hearings concerning property values in order to determine (1) whether to reopen the dissolution judgment and (2) how to value and divide the property. The court explained the trial format and appellant's attorney did not object. Several scattered days of trial took place over the next year. Appellant now argues the combined evidentiary hearings confused various burden of proof standards and prevented him from effectively presenting property-value evidence. We agree and reverse and remand.

■■■ Due process requires that a hearing be "fair, practicable, and reasonable." *Saturnini v. Saturnini*, 260 Minn. 494, 498, 110 N.W.2d 480, 483 (1961). Notice and hearing are the fundamental aspects of due process. *Baker v. Baker*, 481 N.W.2d 871, 873 (Minn.App.), *rev'd on other grounds*, 494 N.W.2d 282 (Minn.1992). The colloquies on November 3, 1998 and

March 22, 1999 between the district court and appellant's trial counsel show that appellant's trial counsel became confused about exactly when the hearing changed from a hearing on the motion to reopen to an evidentiary hearing on the issue of property division. The distinction is critical because the burdens of proof differ.

A district court's allocation of the burden of proof is subject to de novo review. *See Snyder Elec. Co. v. Fleming,* 305 N.W.2d 863, 867 (Minn.1981); *Engelby v. Engelby,* 479 N.W.2d 424, 426–27 (Minn. App.1992) (determining which party had burden of proof without deferring to trial court). For the purposes of reopening a dissolution judgment, the moving party bears the burden of proof. *See* Minn.Stat. § 518.145, subd. 2 (moving party must prove at least one of the statutory grounds for reopening by a preponderance of the evidence). In contrast, a district court's decisions valuing and dividing marital property are made on the evidence submitted by both parties, but neither party bears an affirmative burden of proof. *See generally* Minn.Stat. § 518.58 (1998) (governing division of marital property). It is a common practice for each party to present expert testimony or appraisal evidence concerning the value of the property, after which the district court judges the weight and credibility of that evidence. *See Kitchar v. Kitchar,* 553 N.W.2d 97, 102 (Minn. App.1996) (addressing competing appraisals), *review denied* (Minn. Oct. 29, 1996); *Sefkow v. Sefkow,* 427 N.W.2d 203, 210 (Minn.1988) (explaining that reviewing courts generally affirm a district court's credibility determinations, since the district court is in the best position to assess witnesses).

In this case, the district court's mid-trial decision to take evidence on property values before determining whether to reopen proceedings confused these standards and, understandably, appellant's counsel. Our careful reading of the November 3, 1998 and March 22, 1999 hearing transcripts shows that, because the district court did not rule on respondent's motion to reopen and vacate, appellant did not know when to cease rebutting appellant's fraud and mistake claims and when to begin affirmatively presenting property value evidence for division purposes.

Appellant has shown specific prejudice arising from the lack of notice caused by the combined proceeding. *See Bloom v. Hydrotherm, Inc.,* 499 N.W.2d 842, 845 (Minn.App.1993) (for reversal, a party must show error and resulting prejudice), *review denied* (Minn. June 23, 1993). Appellant testified that some of the marital property was subject to tax-increment financing and loan encumbrances totaling over $450,000. While respondent did not dispute the existence of these encumbrances, the district court nonetheless rejected appellant's testimony about the amount of encumbrances because appellant did not support his testimony with documentary evidence. The district court then divided the property based on the evidence it deemed credible. Appellant claims that if he had understood the necessity of establishing property values for division purposes, he would have conducted independent art and property appraisals and presented additional evidence concerning tax-increment financing and loan encumbrances against some of the marital property.

The district court's rejection of appellant's unchallenged testimony for lack of documentary support, thereby rejecting over $450,000 of presumably verifiable marital debt, underscores the danger of conducting a combined proceeding without providing clear notice of the burdens of proof. *See Tasker v. Tasker,* 395 N.W.2d 100, 104–05 (Minn.App.1986) (holding district court's rejection of appellant's uncontroverted valuation testimony compelled remand). Though appellant's trial counsel might have either objected to the combined hearing or presented documentary evidence of the encumbrances, considering the circumstances, we will not punish appellant for confusion on the part of his

attorney. *See Charson v. Temple Israel,* 419 N.W.2d 488, 491 (Minn.1988) (explaining reviewing courts' reluctance to punish client for attorney's oversight).

■ We conclude that the district court's decision to combine reopening and property division proceedings into one evidentiary hearing confused burdens of proof and thereby prejudiced appellant. Accordingly, we hold that a district court considering motions to reopen dissolution judgments pursuant to Minn.Stat. § 518.145, subd. 2 violates a party's right to due process by conducting the proceeding in such a way as to deny a party notice of evidentiary burdens of proof. We reverse and remand to allow the district court to consider additional property-value evidence, and, if necessary, amend the findings of fact and conclusions of law. Given the result reached here, we need not address appellant's argument that the district court improperly valued and divided the property.

*B. Bias*

■ In posttrial motions, appellant unsuccessfully sought to remove the district court judge for bias, claiming that the findings of fact demonstrated animosity toward him. A party may remove a judge for bias upon a showing of affirmative prejudice. Minn.R.Civ.P. 63.03; *see Uselman v. Uselman,* 464 N.W.2d 130, 139 (Minn.1990) (holding a party must bring a motion demonstrating "prejudice or implied or actual bias" if the party failed to remove the judge before trial). We will not reverse a district court's decision to deny a removal motion absent an abuse of discretion. *Carlson v. Carlson,* 390 N.W.2d 780, 785 (Minn.App.1986), *review denied* (Minn. Aug. 20, 1986).

It should come as no surprise that the district court, having found not only mistake but also fraud and misrepresentation, necessarily made less-than-flattering findings concerning appellant. Having carefully reviewed the unfavorable findings in light of the entire record, we conclude that they do not constitute an affirmative showing of bias and that the district court did not abuse its discretion by denying appellant's motion for removal.

*C. Stay*

■ Appellant complains that the district court lacked the authority to stay the effect of the June 1997 dissolution judgment during the district court's review of respondent's motion to reopen. Because appellant did not raise this issue in his posttrial motions, we decline to review it. *Thiele v. Stich,* 425 N.W.2d 580, 582–83 (Minn.1988).

*D. Spousal Maintenance*

■ Appellant argues that the district court should not have reserved the issue of spousal maintenance because the MTA made no provision for maintenance. District courts are vested with broad discretion to determine whether to reserve maintenance. *Maeder v. Maeder,* 480 N.W.2d 677, 679 (Minn.App.1992), *review denied* (Minn. Mar. 19, 1992). In this case, the district court's reservation of maintenance was well within its discretion. The district court correctly observed that unless there is a completed, equitable redistribution of property, respondent may be left without sufficient means to provide for her reasonable needs. *See generally* Minn.Stat. § 518.552 (1998) (allowing district courts to award maintenance in dissolution proceedings if one spouse is unable to provide for his or her reasonable needs).

Although the MTA did not provide for spousal maintenance and respondent did not request it, the district court's decision merely to reserve the maintenance issue pending a resolution of the unique property issues in this case was not an abuse of discretion. *See Toughill,* 609 N.W.2d at 638–39 n. 1. (noting that a district court generally may not, by judicial fiat, impose conditions on the parties to which they did not stipulate and deprive the parties of their day in court).

III.

Finally, appellant contests the district court's decision to award respondent attorney fees. The district court awarded respondent attorney fees based on both her need for fees and appellant's conduct. *See* Minn.Stat. § 518.14 (1998) (bases for attorney fee awards). A district court's attorney fee award will be reversed only for an abuse of discretion. *Kronick v. Kronick*, 482 N.W.2d 533, 536 (Minn.App. 1992).

Need-based attorney fee awards require the district court to find that (1) the fees are needed for a party's good faith assertion of rights; (2) the payor can pay the fees; and (3) the recipient cannot. Minn.Stat. § 518.14. District courts may, in their discretion, award additional fees "against a party who unreasonably contributes to the length or expense of the proceedings." *Id.* The crux of appellant's claim is that the record lacks support for the district court's findings of the parties' financial conditions and appellant's misconduct. We do not set aside findings of fact unless they are clearly erroneous. Minn. R.Civ.P. 52.01.

The district court found sufficient grounds for need based attorney fees and also found appellant's misconduct supported the fee award. The district court concluded that appellant failed to produce discovery and cooperate throughout the trial. The record shows that appellant's failure to cooperate required an unusual posttrial order for discovery. But, appellant's failure to produce adequate evidence is intertwined with the combined nature of the reopening and property division hearings in this case. Because we find the combined trial format a denial of due process for lack of notice, appellant's failure to produce evidence alone cannot support an award of conduct-based fees.

We cannot discern, however, whether other conduct would support an award of fees or what portion of entire award is attributable to need-based fees. The district court did not make findings sufficient to show what combination of need or conduct support all, or different parts of, the entire award. This precludes effective review. Moreover, our decision to remand for further trial anticipates redistribution of the marital property. Redistribution necessarily affects the underlying findings of fact that now support need-based attorney fees. Under these circumstances, we remand the issue of attorney fees to the district court.

DECISION

When reviewing a motion to reopen dissolution proceedings pursuant to Minn. Stat. § 518.145, subd. 2 (1998), a district court does not err by relying on case authority to the extent that the cases were decided on grounds now enumerated in the statute. A district court considering a motion to reopen under section 518.145, subd. 2 denies a party due process if the district court's failure to give clear notice of the hearing structure and changing burdens of proof prejudices that party.

**Affirmed in part, reversed in part, and remanded.**