**In re the Marriage of Daniel James KRECH, Petitioner, Appellant,**

v.

**Virginia Louise KRECH, Respondent.**

No. C4–00–1530.

Court of Appeals of Minnesota.

April 10, 2001.

Alan J. Lanners, Lanners & Olson, P.A., Plymouth, for appellant.

Rodney H. Jensen, Kevin J. McGrath, Jensen & McGrath, P.L.L.P., Bloomington, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, KLAPHAKE and FOLEY, Judges.*

## OPINION

KLAPHAKE, Judge

Appellant Daniel James Krech challenges the district court's authority to reopen the judgment and decree to award custody and child support for his 20–year–old daughter, more than one year after the judgment and decree was entered. Because the district court lacks authority to reopen a judgment and decree under Minn.Stat. § 518.145, subd. 2, to add a new obligation, we reverse.

## FACTS

Upon dissolution of their marriage in April 1998, respondent Virginia Krech was awarded physical custody of and child support for the parties' son, who was a minor at the time that the stipulated judgment and decree was entered. The parties had another child, a daughter, who was 19 years old and had graduated from high school at the time the judgment and decree was entered. The daughter was not provided for in the judgment and decree.

In June 1999, more than one year after the judgment and decree was entered, respondent moved to reopen the judgment and decree to award her custody of and child support for the daughter. On July 27, 1999, the court partially granted respondent's motion and ordered appellant

to pay child support for the daughter based on her inability to support herself. After appellant's motion to reconsider was denied, he appealed. This court dismissed the appeal as premature because the order did not determine the custody of the daughter. By order dated July 20, 2000, the district court granted respondent's motion for custody of the daughter and sanctioned appellant for failing to pay child support as ordered by the court's July 27, 1999 order. This appeal followed.

## ISSUE

Did the district court have authority to reopen the judgment and decree to award custody and child support 14 months after the judgment and decree was entered?

## ANALYSIS

The district court's decision whether or not to reopen a judgment and decree will not be disturbed absent an abuse of discretion. *Kornberg v. Kornberg*, 542 N.W.2d 379, 386 (Minn.1996). We review questions of statutory interpretation, however, de novo. *In re Senty–Haugen*, 583 N.W.2d 266, 268 (Minn.1998).

Appellant argues that the district court did not have authority to reopen the judgment and decree to award respondent custody and child support for the parties' daughter. Respondent argues that the district court properly reopened the judgment and decree after determining that the 20–year–old daughter was a child at the time of the stipulated judgment and decree, based on her learning disability, which rendered her disabled and unable to support herself. "Child" is defined as

an individual under 18 years of age, an individual under age 20 who is still attending secondary school, or an individual who, by reason of physical or mental condition, is incapable of self-support.

Minn. Const. art. VI, § 10.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn.Stat. § 518.54, subd. 2 (1998). The district court has authority to require continuing child support even after a child has attained the age of 18 when that child is unable to support herself due to a mental or physical deficiency. *McCarthy v. McCarthy*, 301 Minn. 270, 274, 222 N.W.2d 331, 334 (1974).

To reopen a judgment and decree, however, the moving party must comply with the requirements of Minn.Stat. § 518.145, subd. 2 (1998). *See Shirk v. Shirk*, 561 N.W.2d 519, 522 (Minn.1997) ("sole relief from the judgment and decree lies in meeting the requirements of Minn.Stat. § 518.145, subd. 2"). "On motion and upon terms as are just, the court may relieve a party from a judgment and decree * * *, and may order a new trial or grant other relief as may be just" under the following situations:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under the rules of civil procedure, rule 59.03;

(3) fraud, whether denominated intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party;

(4) the judgment and decree or order is void; or

(5) the judgment has been satisfied, released, or discharged, or a prior judgment and decree or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment and decree or order should have prospective application.

Minn.Stat. § 518.145, subd. 2. A motion to reopen "must be made within a reasonable time, and for a reason under clause (1), (2), or (3), not more than one year after the judgment and decree, order, or proceeding was entered or taken." *Id.*

In this case, respondent's motion was made more than one year after the judgment and decree was entered; thus, clauses (1), (2), and (3) do not apply. In addition, respondent's motion does not claim that the judgment and decree is void. Thus, the only basis available for relief was under clause (5).

The specific language of that clause allows reopening and relief from a judgment only when "the judgment has been satisfied, released, or discharged," when "a prior judgment * * * or order upon which [the current judgment] is based has been reversed or otherwise vacated," or when "it is no longer equitable that the judgment * * * should have prospective application." Minn.Stat. § 518.145, subd. 2(5). The latter instance, which allows reopening under principles of equity, appears broader than the first two instances; when read alone, this instance might allow reopening in a case such as this, where the equities arguably weigh in favor of requiring a parent to continue to care for a child, if necessary, even after that child becomes an adult.

However, under the canon of statutory construction known as *ejusdem generis*, where general language follows an enumeration of specific subjects, the general language is presumed to include only subjects of a class similar to those enumerated. *Lefto v. Hoggsbreath Enters., Inc.*, 581 N.W.2d 855, 856 (Minn.1998) (applying principle of *ejusdem generis*, as codified in Minn.Stat. § 645.08, subd. 3, to require that "[g]eneral words are construed to be restricted in their meaning by preceding particular words"). Application of this canon of construction here leads us to conclude that Minn.Stat. § 518.145, subd. 2(5) was intended to allow reopening only when necessary to relieve a party from an obligation that has been extinguished, or to otherwise reduce or omit a party's obligations; it was not intended to allow a court to later add a provision not addressed in the original judgment.

We therefore conclude that the district court did not have authority to reopen the judgment and decree to add newly determined obligations of custody and child sup-

port. The relief sought was not based on the fact that the judgment had been satisfied, that the judgment was based on a prior judgment that had been reversed or vacated, or that for other reasons the judgment should no longer be prospectively applied.

Because we conclude that the district court did not have authority to reopen the judgment and decree, the court also lacked the authority to order appellant to pay child support. We also reverse the court's imposition of sanctions for failure to pay child support.

## DECISION

Because respondent failed to meet the statutory requirements of Minn.Stat. § 518.145, subd. 2(5), the district court erred in reopening the judgment and decree.

**Reversed.**