Barbara Jo **REID, Respondent,**
**The County of Stearns,**
**Respondent,**

v.

Gary Wayne **STRODTMAN, Appellant.**

**No. C9–00–1880.**

Court of Appeals of Minnesota.

July 17, 2001.

Roger S. Van Heel, Stearns County Attorney, Richard J. May, Assistant Stearns County Attorney, St. Cloud (for respondents).

Ronald R. Frauenshuh, Jr., Ortonville (for appellant).

Considered and decided by RANDALL, Presiding Judge, SCHUMACHER and ANDERSON, Judges.

## OPINION

G. BARRY ANDERSON, Judge

Appellant sought to reopen child support proceedings pursuant to Minn. R. Civ. P. 60.02 and Minn.Stat. § 518.145 (2000). The child-support magistrate concluded that those provisions did not apply to proceedings commenced under the Expedited Child Support Process, and denied appellant's motion. We conclude that the district court erred by failing to apply Minn. R. Civ. P. 60.02 when conducting a review of appellant's expedited child-support proceedings, but that the error was harmless because appellant was not entitled to relief under the rule, and therefore, we affirm.

## FACTS

In 1994, appellant Gary Wayne Strodtman and respondent Barbara Jo Reid entered into a stipulation, subsequently reduced to an order, which provided that appellant was obligated to pay child support to respondent for their son, T.J.R. In June 1999, the district court served appellant with a proposed order to modify child support. The order based appellant's net monthly income on Minnesota Department of Economic Security wage estimates. Appellant disagreed with the proposed order and the district court scheduled an August 13, 1999 hearing.

On August 12, 1999, appellant sent Kathryn Trossen, a child support officer, a facsimile letter stating that he was unable to attend the August 13, 1999 hearing because he needed to "leave town ." The hearing proceeded without appellant's participation, and on September 9, 1999, the child support magistrate issued an order modifying appellant's child-support obli-

gation and imputing income to him based on appellant's testimony in an earlier proceeding and Department of Economic Security 1997 Wage Estimates for St. Cloud, Minnesota. The court served the order on appellant.

In April 2000, appellant filed a deficient motion for a retroactive and prospective reduction in his child-support obligation. Appellant successfully refiled the motion on June 5, 2000. The motion was heard on June 7, 2000. Appellant (through counsel) requested that the district court vacate the September 9, 1999, order, or, in the alternative, grant a reduction in child support. Appellant argued that he was prevented from appearing at the August hearing because of the difficult nature of an ongoing custody dispute. Appellant testified that he had needed to "get away," had asked the court for a continuance, and argued that his absence caused the child support magistrate to improperly impute income to him. The child support magistrate orally denied appellant's request to vacate the September 9, 1999, order. The proceedings continued on the issue of child-support modification.

Before the child support magistrate issued a ruling, appellant's attorney requested rehearing of the August 13, 1999, proceedings by letter dated June 22, 2000. Appellant's attorney argued that the child support magistrate's act of imputing income constituted a "mistake" and "fraud" warranting vacation of the September 9, 1999, order, and cited cases allowing for vacation of marital dissolution judgments for fraud and mistake pursuant to Minn. Stat. § 518.145 (2000). The letter also explains that appellant "believed he was going to be granted a continuance * * * ."

By order dated July 14, 2000, the child support magistrate determined that appellant had not shown cause for vacating the September 9, 1999, order and denied retro-

active modification of child support. The magistrate granted prospective modification of appellant's child-support obligation because appellant had gained custody of two of his children since the last order issued.

On August 9, 2000, appellant moved for "new trial." Appellant argued that the child support magistrate erred by not considering his June 5, 2000, submission as a motion to vacate the September 9, 1999, order under Minn. R. Civ. P. 60.02, even though appellant had not requested relief under rule 60 in any earlier pleadings or arguments. The child support magistrate treated the August 9, 2000, motion for new trial as a motion for review pursuant to Minn. R. Gen. Pract. 372. By order dated August 31, 2000, the child support magistrate concluded that the motion had no basis under Minn.Stat. § 518.145 or several Minnesota Rules of Civil Procedure, including rule 60, and denied the motion.

This appeal follows. Appellant argues that the district court erred by failing to grant a new trial under Minn. R. Civ. P. 60.02 because appellant demonstrated excusable neglect, a basis for reopening under the rule.

## ISSUE

Did the district court err by concluding that Minn. R. Civ. P. 60 .02 does not apply to proceedings commenced under the Interim Rules of the Expedited Child Support Process?

## ANALYSIS

■ The orders in this case were entered between July 1, 1999, and June 30, 2001, and are subject to the Interim Rules of the Expedited Child Support Process (hereafter EXPRO rules). Minn. R. Gen. Pract. 360.01; Order of the Minnesota Supreme Court No. C4–99–404 (Minn. June 19, 2000). This court conducts a de novo review of a child support magistrate's order on matters of civil procedure under the EXPRO rules. *Brazinsky v. Brazinsky,* 610 N.W.2d 707, 710 (Minn.App.2000).

### A. Appealability

As a preliminary matter, respondent argues that appellant did not make Minn. R. Civ. P. 60.02 the basis of his original motion to vacate in the district court and, consequently, the issue is not properly before this court. Rule 60.02 was not raised in any pleadings or arguments until appellant submitted his motion for "new trial" on August 9, 2000. Instead, appellant relied on Minn.Stat. § 518.145, subd. 2 (2000), which provides for reopening of a dissolution decree for mistake, inadvertence, surprise, or excusable neglect, and cited cases applying that statute.

Although appellant did not properly raise his rule 60 argument in the lower court, the child support magistrate considered that argument and issued a corresponding ruling. We therefore address the application of Minn. R. Civ. P. 60.02 to EXPRO proceedings. *See* Minn. R. Civ. App. P. 103.04 (permitting this court to "review any other matter as the interest of justice may require").

### B. Reopening

This case began in 1994 as a paternity action commenced under Minn.Stat. § 257.66 (1994). Ordinarily, motions subsequent to a paternity adjudication, other than those concerning custody and visitation, "shall proceed and be determined in accordance with chapter 518" of the Minnesota Statutes. Minn.Stat. § 257.66, subd. 3 (2000). Minn.Stat. § 518.145, subd. 2 (2000), governs the reopening of judgments in marital dissolution cases, and permits new trial for, among other things, "mistake, inadvertence, surprise, or excusable neglect." *Id.,* subd. 2(1).

■■■ Where, however, as here, a party seeks to modify a child support order arising from a paternity action, "a motion for relief under [Minn. R. Civ. P.] 60.02, if timely, is still an available procedure * * *." *Hennepin Cty. Welfare Bd. v. Kolkind,* 391 N.W.2d 539, 540–41 & n. 1 (Minn.App.1986). Like Minn.Stat. § 518.145, Minn. R. Civ. P. 60.02(a) provides for relief from judgments, including new trial, based on "[m]istake, inadvertence, surprise, or excusable neglect * * *." *Id.*

> The EXPRO rules
>
> govern the procedure for all proceedings conducted in the expedited child support process, regardless of whether the presiding officer is a child support magistrate, family court referee, or district court judge.

Minn. R. Gen. Pract. 351.01.

The EXPRO rules explain their relationship with other court rules:

> To the extent that other rules of court are inconsistent with these rules, these rules supersede such inconsistent provisions.

*Id.*

> Applicability of Other Rules of Court. To the greatest extent possible, the Advisory Committee has attempted to incorporate into these rules applicable Rules of Civil Procedure, Rules of Evidence, and General Rules of Practice for the District Courts. Unless otherwise incorporated, such other rules of court are not binding on the expedited child support process. However, child support magistrates, court administrators, parties, and attorneys should look to such other court rules for guidance. In doing so, such other rules of court should be applied so as to further the purposes and goals of the expedited child support process as set forth in

Rule 351.02 and the accompanying Advisory Comment.

Minn. R. Gen. Pract. 351.01, Advisory Committee Comment.

Thus, the child support magistrate, when considering appellant's motion for new trial, should have looked to rule 60.02 for guidance if that rule furthered the purpose of the expedited process and was consistent with other EXPRO rules.

The purpose of the EXPRO rules is to establish a process that:

> (a) is streamlined;
>
> (b) is uniform across the state;
>
> (c) is easily accessible to the parties; and
>
> (d) results in timely and consistent issuance of orders.

Minn. R. Gen. Prac. 351.02. The Advisory Committee Comment to rule 351.02 explains that the rules should be construed to be "constitutional" and "fair to the parties." *Id.*

Although vacating an earlier order and conducting a new trial may not be streamlined or result in the timely issuance of orders, we reject the notion that granting a new trial does not further the purpose of the expedited process. Denying a party relief from excusable neglect or the other reasons warranting rule 60.02 relief compromises fundamental fairness, while mindlessly pursuing rigid compliance with the EXPRO rules.

We also believe that vacating judgment and granting new trial under rule 60.02 are consistent with the EXPRO rules. The EXPRO rules do not provide for rehearing or a procedure for vacating an earlier order. The rules provide for a continuance, which may be granted by the child support magistrate upon a showing of "good cause," Minn. R. Gen. Pract. 369.03, subd. 1, and provide for motions to correct clerical mistakes, Minn. R. Gen. Pract. 371.

The rules also provide for independent magistrate or district court review of child support orders, and that review may include a hearing if only if good cause is shown. Minn. R. Gen. Pract. 372.05, subds. 2, 6. Because the EXPRO rules do not address vacating judgment and granting a new trial for the reasons set forth in Minn. R. Civ. P. 60.02, that rule is consistent with the EXPRO rules.

We conclude that the child support magistrate erred by concluding that appellant's motion had no basis under rule 60.02. Granting relief from judgments for the reasons set forth in rule 60.02 promotes fairness, a purpose of the EXPRO rules, and the provision is consistent with the EXPRO rules.

*C. Harmless Error*

Any error, however, will not require reversal if it is harmless. Minn. R. Civ. P. 61. A party seeking relief under Minn. R. Civ. P. 60.02 must establish (1) a reasonable case on the merits; (2) a reasonable excuse for the failure to act; (3) action with due diligence after entry of judgment; and (4) lack of prejudice to the opposing party. *Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964). All four elements must be proven, but a weak showing on one factor may be offset by a strong showing on the others. *Valley View, Inc. v. Schutte*, 399 N.W.2d 182, 185–86 (Minn.App.1987), *review denied* (Minn. Mar. 18, 1987). If the district court fails to apply the four-factor test, this court may apply the test de novo. *Carter v. Anderson*, 554 N.W.2d 110, 115 (Minn. App.1996), *review denied* (Minn. Dec. 23, 1996).

Appellant sought a new trial on the basis of excusable neglect but fails to establish sufficient grounds for relief under rule 60.02. First, even accepting appellant's contention that his case for retroactive reduction in child support is reasonable on the merits, that issue was already litigated in the June 7, 2000 child-support-modification motion proceeding. Appellant was permitted to present both documentary evidence and testimony in support of his claim for a retroactive reduction in child support based on improper imputation of income. The child support magistrate ruled that appellant was not entitled to retroactive modification. Appellant did not appeal that ruling.

Second, appellant has not shown a reasonable excuse for failing to attend the August 13, 1999 hearing. Appellant did not affirmatively request a continuance. Appellant testified that he attempted to telephone court personnel to tell them he would not be able to attend the August 13, 1999 hearing and, because he was unsuccessful, sent a facsimile letter to the court. That letter addresses a number of unrelated issues and in closing states only that, "[f]inally on Friday I can not make it to court because I have to leave town." Although appellant characterizes this communication as a request for a continuance, it is merely an explanation for his failure to appear. Appellant's excuses for failing to attend the hearing—having to "leave town" and "get away"—were not reasonable.

The third factor is also weak. Appellant did not act with due diligence after entry of judgment. Appellant did not seek review of the September 9, 1999 order as provided for in the EXPRO rules and did not seek proceedings for modification of child support until April 2000. *Cf. Petrich v. Dyke*, 419 N.W.2d 833, 835 (Minn.App. 1988) (due diligence factor met where motion to vacate brought less than one week after judgment entered); *Valley View, Inc.*, 399 N.W.2d at 185 (due diligence factor met where motion to vacate filed within six days of judgment).

Finally, although granting new trial does not appear to prejudice respondents, the fourth element of the *Finden* test, the first three factors weigh against granting rule 60.02 relief.

To the extent appellant argues that the child support magistrate's conclusions concerning his income warrant reopening, he again fails to establish grounds for relief. Rule 60.02 is intended to correct mistake or inadvertence of *a party* and does not allow for correction of judicial error. *Sullivan v. Spot Weld, Inc.,* 560 N.W.2d 712, 716 (Minn.App.1997), *review denied* (Minn. Apr. 24, 1997); *Arzt v. Arzt,* 361 N.W.2d 135, 136 (Minn.App.1985). District courts are not to review judicial error through application of rule 60; review of judicial error is the function of the appellate courts. *Carter,* 554 N.W.2d at 114.

The EXPRO rules provide for relief from judicial errors, known to the aggrieved party upon receipt of the order, by motion for review and direct appeal. Minn. R. Gen. Pract. 372, 374. Appellant did not seek either form of review from the child support magistrate's July 14, 2000 finding that appellant's income was properly determined by using Minnesota Department of Economic Security wage estimates or from the child support magistrate's corresponding decision to deny retroactive modification of child support.

We conclude that any error by the child support magistrate in failing to apply Minn. R. Civ. P. 60.02(a) was harmless because appellant is not entitled to relief under that rule.

### DECISION

The district court erred by concluding that Minn. R. Civ. P. 60.02 does not apply because that provision furthers the purpose of, and does not conflict with, the Interim Rules of the Expedited Child Support Process. The error, however, was harmless because appellant is not entitled to relief under rule 60.02.

**Affirmed.**