**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-1914**

In re the Marriage of:

Marla Jean Knapp, petitioner,
Respondent,

vs.

James Alan Knapp,
Appellant.

**Filed August 15, 2016**
**Affirmed**
**Schellhas, Judge**

Hubbard County District Court
File No. 29-FA-14-588

Maria L. Pretzer, Peloquin Law Office, P.A., Park Rapids, Minnesota (for respondent)

David W. Buchin, Buchin Law Office, St. Cloud, Minnesota (for appellant)

Considered and decided by Bratvold, Presiding Judge; Schellhas, Judge; and Reyes, Judge.

**S Y L L A B U S**

When considering a motion to vacate a dissolution judgment, a district court need determine only whether the moving party has met the requirements of Minn. Stat. § 518.145, subd. 2 (2014), and does not abuse its discretion by not addressing Minn. R. Civ. P. 60.02.

**O P I N I O N**

**SCHELLHAS**, Judge

Appellant argues that the district court abused its discretion by denying his motion to vacate a dissolution judgment under Minn. Stat. § 518.145, subd. 2(1), without addressing the factors applicable to motions for relief under Minn. R. Civ. P. 60.02.[1] We affirm.

**FACTS**

Appellant James Knapp and respondent Marla Knapp were married on June 28, 1975.[2] On June 3, 2014, James accepted service of Marla's marriage-dissolution petition and a summons, which notified James that he had 30 days to answer the petition. Marla filed the petition in district court, and the court scheduled an initial case-management conference for July 1. James failed to appear at the conference. The court then scheduled a hearing for July 29, and James also failed to appear at the hearing. James admits that he never answered Marla's petition.

On July 29, 2014, Marla served James by U.S. mail with a notice of intent to request entry of default judgment. On August 14, Marla filed a request for a default judgment; an affidavit of no answer; proposed findings of fact, conclusions of law, order for judgment, and judgment and decree; and an affidavit of service. On August 25, the district court

---

[1] Appellant moved to "reopen" his marriage-dissolution judgment. For clarity and consistency, we use the term "vacate," except in quotations.

[2] Because the parties have the same surname, we use their first names to distinguish them in this opinion.

granted Marla a default dissolution judgment and adopted Marla's proposed findings of fact, conclusions of law, order for judgment, and judgment and decree. On August 28, Marla served James by U.S. mail with notice of entry of judgment.

On August 13, 2015, James moved to vacate the default dissolution judgment under Minn. Stat. § 518.145, subd. 2(1). In a supporting affidavit, James asserted that he had "significant mental health and chemical dependency issues" and was hospitalized for mental-health reasons at the time of the initial case-management conference. James also claimed that Marla had undervalued the marital assets and understated her income, resulting in an unfair and inequitable division of the marital property and an unwarranted award of spousal maintenance. After a hearing, the district court denied James's motion to vacate the judgment. The court characterized James's assertions regarding his mental health and hospitalization as an allegation of "excusable neglect" under Minn. Stat. § 518.145, subd. 2(1); found that James had been aware of the dissolution proceedings; and concluded that James had failed to present sufficient evidence of excusable neglect or that the property division was inequitable. The court did not address Minn. R. Civ. P. 60.02 in its order denying the motion.

This appeal follows.

## ISSUE

Did the district court abuse its discretion by denying James's motion to vacate the dissolution judgment for excusable neglect under Minn. Stat. § 518.145, subd. 2(1), without addressing Minn. R. Civ. P. 60.02?

3

## ANALYSIS

"Subject to the right of appeal, a dissolution judgment and decree is final when entered, unless in a timely motion a party establishes a statutory basis for reopening the judgment and decree." *Thompson v. Thompson*, 739 N.W.2d 424, 428 (Minn. App. 2007); *see also* Minn. Stat. § 518.145, subd. 1 (2014) ("A decree of dissolution of marriage or of legal separation is final when entered, subject to the right of appeal."). "[A district court]'s decision not to reopen the judgment and decree will not be disturbed absent an abuse of discretion." *Kornberg v. Kornberg*, 542 N.W.2d 379, 386 (Minn. 1996). A district court abuses its discretion by making findings of fact that are unsupported by the evidence, misapplying the law, or rendering a decision that is "against logic and the facts on record." *Dobrin v. Dobrin*, 569 N.W.2d 199, 202 (Minn. 1997). "A district judge's findings of fact are not set aside unless clearly erroneous." *Kornberg*, 542 N.W.2d at 386.

"The sole relief from [a dissolution] judgment and decree lies in meeting the requirements of Minn. Stat. § 518.145, subd. 2." *Shirk v. Shirk*, 561 N.W.2d 519, 522 (Minn. 1997). On motion, a district court "may relieve a party from a judgment and decree" based on "mistake, inadvertence, surprise, or excusable neglect." Minn. Stat. § 518.145, subd. 2. A motion to vacate based on excusable neglect "must be made within a reasonable time" and "not more than one year after the judgment and decree . . . was entered." *Id.* "For the purposes of reopening a dissolution judgment, the moving party bears the burden of proof." *Haefele v. Haefele*, 621 N.W.2d 758, 765 (Minn. App. 2001), *review denied* (Minn. Feb. 21, 2001). The moving party must prove at least one of the statutory grounds for vacating by a preponderance of the evidence. *Cf. C.O. v. Doe*, 757 N.W.2d 343, 349, 353–

4

54 (Minn. 2008) (stating that "[w]hen the legislature has not prescribed a standard for statutorily-created causes of action, this is regarded as a signal that the legislature intended the preponderance of the evidence standard to apply," and directing district court on remand to apply preponderance standard to party's motion to modify parental contact agreement (quotation omitted)).

Here, James moved the district court for relief under Minn. Stat. § 518.145, subd. 2(1), and he argues on appeal that the court abused its discretion by not addressing the factors applicable to motions for relief under Minn. R. Civ. P. 60.02. We conclude that the court did not abuse its discretion by not considering the rule-60.02 factors.

In *Lindsey v. Lindsey*, the supreme court reviewed the district court's grant of a motion to modify a dissolution decree, which motion had been brought under rule 60.02 for fraud and duress. 388 N.W.2d 713, 715–16 (Minn. 1986). Noting that "by its specific terms, [rule 60.02] excludes divorce decrees from its purview," the court treated the motion "as a motion to exercise the court's inherent power to modify a final divorce decree based upon an allegation of fraud on the court." *Id.* at 716. But the court cautioned that "[i]n the future, . . . motions to modify divorce decrees brought under Rule 60.02 should not be entertained by the district courts," which "lack jurisdiction under Rule 60.02 to consider such motions." *Id.* at 716 n.1.

In *Maranda v. Maranda*, a case involving a pre-*Lindsey* rule-60.02 motion to vacate a dissolution judgment and decree for fraud, the supreme court addressed the amendment to Minn. Stat. § 518.145, stating:

5

In 1988, apparently in response to the *Lindsey* decision, the legislature amended Minn. Stat. § 518.145 (1988) in order to provide a mechanism for re-opening dissolution decrees by motion or independent action. Minn. Stat. § 518.145, subd. 2 is virtually identical to Rule 60.02. Accordingly, post-*Lindsey* motions to vacate should be brought under Minn. Stat. § 518.145.

449 N.W.2d 158, 164 & n.1 (Minn. 1989) (citation omitted). Following *Lindsey* and *Maranda*, we also have noted the similarities between Minn. Stat. § 518.145, subd. 2, and rule 60.02 and have addressed both the statute and the rule in appeals from district court orders denying motions to vacate dissolution judgments. *See Harding v. Harding*, 620 N.W.2d 920, 922−23 (Minn. App. 2001), *review denied* (Minn. Apr. 17, 2001) (reviewing denial of motion to vacate dissolution judgment and noting that "[b]ecause of similarities between rule 60.02 and subdivision 2 [of section 518.145], cases citing to rule 60.02 are often used when addressing the application of the statute"); *Mesenbourg v. Mesenbourg*, 538 N.W.2d 489, 491, 493−94 (Minn. App. 1995) (reviewing denial of motion to vacate default dissolution judgment, noting that "[t]he appropriate method to seek review of a default judgment in a marriage dissolution proceeding is to move the trial court for relief under Minn. Stat. § 518.145," and stating that "[Minn. Stat. § 518.145, subd. 2,] and . . . rule [60.02] are identical for purposes of the issue before this court").

But the supreme court and this court have reviewed orders granting and denying motions to vacate dissolution judgments without considering rule 60.02, relying solely on Minn. Stat. § 518.145, subd. 2. *See Shirk*, 561 N.W.2d at 522−23 & n.3 (noting similarities between Minn. Stat. § 518.145, subd. 2, and rule 60.02 and, without discussion of rule-60.02 factors, concluding that "circumstances meeting the requirements of Minnesota

Statutes section 518.145, subd. 2 must be demonstrated in order to obtain relief from a judgment and decree of dissolution"); *Kornberg*, 542 N.W.2d at 386–88 (addressing arguments that dissolution judgment should be set aside for mistake and fraud under Minn. Stat. § 518.145, subd. 2, without mention of rule 60.02); *Thompson*, 739 N.W.2d at 428–29 (considering whether district court abused its discretion by denying motion to vacate dissolution judgment for fraud under Minn. Stat. § 518.145, subd. 2, without mention of rule 60.02); *Doering v. Doering*, 629 N.W.2d 124, 128–30 (Minn. App. 2001) (addressing standard for fraud under Minn. Stat. § 518.145, subd. 2, and stating that supreme court has "noted that rule 60.02 was an improper vehicle for attempting to vacate dissolution judgments"), *review denied* (Minn. Sept. 11, 2001); *Krech v. Krech*, 624 N.W.2d 310, 311–13 (Minn. App. 2001) (addressing district court's authority to vacate dissolution judgment under Minn. Stat. § 518.145, subd. 2, without mention of rule 60.02); *Haefele*, 621 N.W.2d at 761–64 (considering whether district court abused its discretion by granting motion to vacate dissolution judgment for mistake and fraud under Minn. Stat. § 518.145, subd. 2, without mention of rule 60.02); *Hestekin v. Hestekin*, 587 N.W.2d 308, 309–11 (Minn. App. 1998) (reviewing district court's denial of motion to vacate dissolution judgment based on duress under Minn. Stat. § 518.145, subd. 2, without mention of rule 60.02).

Notably, no published decision of a Minnesota appellate court has required a district court to consider rule 60.02 when determining whether to vacate a dissolution judgment under Minn. Stat. § 518.145, subd. 2. The district courts have been required to determine only whether the moving party has met the requirements of Minn. Stat. § 518.145, subd. 2. In *Shirk*, the supreme court noted that "[t]he legislature . . . has recognized the importance

of finality in dissolution proceedings by setting forth specific circumstances [in Minn. Stat. § 518.145, subd. 2,] that must be present to permit a party to be relieved of the terms of a judgment and decree, and the time limitations that must be observed." 561 N.W.2d at 522. We conclude that a district court does not abuse its discretion by not addressing rule 60.02 when considering a motion to vacate a dissolution judgment under Minn. Stat. § 518.145, subd. 2.[3]

Here, to support his motion to vacate the default dissolution judgment under Minn. Stat. § 518.145, subd. 2, James submitted an affidavit and a behavioral-health diagnostic assessment that was performed on March 16, 2015. James asserted in his affidavit that, in June 2014, he was hospitalized for mental-health reasons, that Marla informed the facility where he was being held that he did not need to attend the initial case-management conference on July 1, and that he did not receive notice of the July 29 hearing. Marla submitted an affidavit in which she averred that James had received notice of the court dates, had discussed the dates with her, and had informed her "with each notice" that "he would not be attending." The district court found that "[James] was aware of the proceedings and communicated with [Marla] while the dissolution was in process." The

---

[3] Indeed, *Shirk* suggests that a district court may abuse its discretion by considering rule 60.02 on a motion to vacate a dissolution judgment. *See id.* at 522 & n.3 (stating that "[t]he *sole relief* from [a dissolution] judgment and decree lies in meeting the requirements of Minn. Stat. § 518.145, subd. 2," and noting, "That Minn. Stat. § 518.145 was carefully crafted by the legislature to provide limited areas of relief to those seeking vacation of judgment and decrees is underscored by the fact that the language of the statute closely parallels Rule 60.02 of the Minnesota Rules of Civil Procedure but, significantly, omits subd. (f), a provision permitting relief from a final judgment for '[a]ny other reason justifying relief from the operation of the judgment'" (emphasis added)).

court apparently found Marla's affidavit to be more credible than James's. We defer to the district court's credibility determinations as to conflicting affidavits. *See Roehrdanz v. Brill*, 682 N.W.2d 626, 631–32 (Minn. 2004) ("The discretion of the district court in opening a default judgment is particularly broad when the court's decision is based upon an evaluation of conflicting affidavits."); *see also Straus v. Straus*, 254 Minn. 234, 235, 94 N.W.2d 679, 680 (Minn. 1959) ("The general rule that upon appeal the evidence must be taken in the light most favorable to the prevailing party applies to evidence presented by affidavits submitted in support of and in opposition to motions. Conflicts in the evidence, even though the presentation is upon affidavits, are to be resolved by the trial court." (footnote omitted)); *Pechovnik v. Pechovnik*, 765 N.W.2d 94, 99 (Minn. App. 2009) (noting that "[t]he district court's findings implicitly indicate that the district court found respondent's testimony credible" and stating that "[w]e defer to this credibility determination").

We conclude that the record amply supports the district court's findings and its conclusion that James failed to meet his burden to prove excusable neglect under Minn. Stat. § 518.145, subd. 2(1). The district court therefore did not abuse its discretion by denying James's motion to vacate the dissolution judgment.

## DECISION

The district court did not abuse its discretion by not addressing Minn. R. Civ. P. 60.02 when considering James's motion to vacate the dissolution judgment under Minn.

Stat. § 518.145, subd. 2(1), or by concluding that James did not meet his burden to prove excusable neglect under that statute.

**Affirmed.**